**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E. Flury, *et al.*, | No. CV-19-04642-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Marriott International Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Marriott's 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice and to Dismiss Plaintiff Van E. Flury as an Improperly-Named Plaintiff (Doc. 33), to which Plaintiffs filed a Response (Doc. 45) and Marriott filed a Reply (Doc. 46). Plaintiffs later filed a "Supplemental Response" to Marriott's Motion to Dismiss (Doc. 48), and Marriott filed a Motion to Strike Plaintiffs' Supplemental Response (Doc. 51), to which Plaintiffs filed a Response (Doc. 53) and Marriott filed a Reply (Doc. 56). Also at issue is Defendant Unite Here Local 11's (Unite Here) Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 38), to which Plaintiffs filed a Response (Doc. 47). In this Order, the Court will also resolve Plaintiffs' "*Ex Parte*, Plaintiff Motion, Pursuant to: General Order 18-19 for Issuance, and Permission to Serve, 'Subpoena'" (Doc. 52), to which Unite Here and Marriott filed Responses (Docs. 54, 55). The Court will resolve all of these matters without oral argument. *See* LRCiv 7.2(f).

**I.   BACKGROUND**

In the First Amended Complaint (Doc. 31, FAC), the operative pleading, Plaintiffs and spouses Van E. and Rosaura N. Flury, who proceed *pro se* in this lawsuit, allege that

Mrs. Flury worked as a room attendant or housekeeper for Defendant Marriott at the Sheraton Phoenix Downtown Hotel from July 2012 to April 2019. Her employment was governed by the terms and conditions set forth in the Collective Bargaining Agreement (CBA) between Defendants Unite Here and Marriott. On April 10, 2019, Mrs. Flury's manager fired her for insubordination after she refused to comply with an instruction to clock out one hour early the prior day; Mrs. Flury alleges that schedule-change instruction was not given with at least 24 hours of notice, as required by the CBA.

On April 14, 2019, Mrs. Flury began the process of filing a grievance with Unite Here by providing a full written account of the grounds for her grievance against Marriott. The next day, Mrs. Flury, Mr. Emmanuel Gallardo—the Unite Here representative—and two Marriott representatives met to discuss the grievance in what is referred to as Step I of the grievance process. Mrs. Flury does not believe Mr. Gallardo adequately questioned the Marriott representatives or advocated for her at the meeting. On April 16, Mr. Gallardo submitted a written statement of the grievance to the hotel's human resources manager, Ms. Jodi Allred.

Step II of the grievance process under the CBA is a second review meeting, which was held on April 24 and attended by Mrs. Flury, Mr. Gallardo, Ms. Allred, and two of Mrs. Flury's former supervisors. At this meeting, Mr. Gallardo did not disagree with Marriott that Mrs. Flury's conduct constituted insubordination but requested her employment be reinstated because it was a minor infraction.

Step III of the grievance process under the CBA is a third review meeting, which was held on May 23 and attended by Mrs. Flury, Mr. Gallardo and two other Unite Here representatives, Ms. Allred, and two members of the hotel's upper management, including Ms. Erin Flothmeier, the human resources director. Ms. Flothmeier requested that Mrs. Flury not be present for the meeting, and one of the Unite Here representatives escorted Mrs. Flury out. After another 15 to 20 minutes, the meeting ended, and Mr. Gallardo told Mrs. Flury that Ms. Flothmeier had upheld Mrs. Flury's discharge. Mr. Gallardo stated he was uncertain whether Unite Here would proceed with the next step

of the grievance process, arbitration or mediation, but would let Mrs. Flury know. On June 10, 2019, Mr. Gallardo sent Mrs. Flury an e-mail to inform her that Unite Here had requested arbitration of her grievance from Marriott under the terms of the CBA.

Plaintiffs claim that Unite Here processed Mrs. Flury's grievance "arbitrarily and with bad-faith conduct" by failing to "properly investigate and prosecute" the grievance and by agreeing with Marriott that Mrs. Flury had engaged in insubordination. (FAC ¶ 21.) Plaintiffs filed this lawsuit on July 5, 2019, raising two claims: (1) against Marriott, for wrongful discharge in breach of the CBA; and (2) against Unite Here, for breach of the statutory duty of fair representation. Defendants now move to dismiss the claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.  LEGAL STANDARDS

Defendants' Rule 12(b)(1) attacks challenge the Court's subject matter jurisdiction by arguing that Plaintiffs' claims are not yet ripe because Unite Here and Marriott have not yet conducted arbitration as requested by Unite Here under the CBA. Article III Courts are limited to deciding "cases" and "controversies." U.S. Const. art. III, § 2. "Two components of the Article III case or controversy requirement are standing and ripeness." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). "Standing and ripeness under Article III are closely related. For a suit to be ripe within the meaning of Article III, it must present concrete legal issues, presented in actual cases, not abstractions." *Id*. at 1123 (internal citations and quotations omitted). In many cases, the constitutional component of the ripeness inquiry coincides with standing's injury-in-fact requirement. *Id*. The ripeness doctrine also reflects prudential considerations. *Id*. The prudential test for ripeness is two-pronged. *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). The Court must evaluate "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id*.

For its part, Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for

failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### III. ANALYSIS

#### A. Standing

Both Defendants argue that Mr. Flury is not a proper Plaintiff to bring the claims in this lawsuit, and the Court agrees. To have standing to bring a claim, a plaintiff must suffer injury in fact based on the invasion of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, while the FAC alleges that Mrs. Flury suffered damages when Marriott fired her and she was not reinstated due to Unite Here's alleged inadequate representation of her in the grievance process, the FAC contains no allegations that Mr. Flury was injured in any way other than through Mrs. Flury's alleged injury. The

mere fact that Mr. Flury is married to Mrs. Flury, the proper Plaintiff, is not sufficient to give him standing to bring Mrs. Flury's claims. *See Espinoza v. Fry's Food Stores of Ariz., Inc.*, 806 F. Supp. 855, 858 (D. Ariz. 1990) (noting Arizona's community property laws made it "unnecessary to join both spouses as plaintiff in an action alleging injury to one of the spouses, even if a recovery would be community property"); *Breen v. City of Scottsdale*, No. CIV 83-1032 PHXCAM, 1985 WL 166767, at *3 (D. Ariz. Apr. 4, 1985). To the extent Plaintiffs argue that Mr. Flury is a third party beneficiary to the CBA between Unite Here and Marriott because the financial injury to his spouse caused by the alleged breach of the CBA was also an injury to him, the argument has no legal merit. As the *Espinoza* court noted, Mr. Flury is not a proper Plaintiff simply because he may be entitled under community property laws to a portion of any recovery by Mrs. Flury. 806 F. Supp. at 858. Accordingly, the Court will dismiss Mr. Flury's claims for lack of standing.

### B. Ripeness

Both Defendants also argue that Mrs. Flury's claims are not ripe because, by Mrs. Flury's own allegations, Unite Here has requested arbitration of her grievance under the CBA, which has yet to occur. The Court again agrees. In the FAC, Mrs. Flury alleges that she received an e-mail from Unite Here on June 10, 2019, stating that it had requested arbitration of her grievance from Marriott under the terms of the CBA. (FAC ¶ 21.) Under the governing section of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), a claim of breach of the duty of fair representation against a union generally does not arise until either the union decides not to file a grievance or take further action on a grievance, or the employee learns of the final outcome of an arbitration. *Galindo v. Stoody*, 793 F.2d 1502, 1509 (9th Cir. 1986); *see also S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 502 (9th Cir. 1990) (stating that a court must dismiss an unripe claim of breach of the duty of fair representation). Bringing a claim before the grievance and arbitration process is complete is a failure to exhaust the remedies provided for in the CBA, which explicitly controls how an employee brings a grievance against the employer in this context. Accordingly, Mrs. Flury's claims in this lawsuit are premature.

Mrs. Flury argues that Unite Here waived arbitration because, in the FAC, she alleges that she received Unite Here's e-mail notifying her of the arbitration request on June 10, 2019, which is more than 14 days after May 23, 2019, when Marriott denied relief on her grievance at Step III of the grievance process. The CBA provides:

> If no satisfactory resolution is reached at Step III, the Union may within fourteen (14) days thereafter submit the grievance to arbitration, or by mutual agreement mediation, by written notice to the Human Resources Director.

(FAC Ex. A, CBA at 9 ¶ 19(F).) The allegation Mrs. Flury points to—that she received the e-mail beyond the 14-day deadline—does not lead to the conclusion that Unite Here submitted the arbitration request past the applicable deadline or intended to waive the right to arbitration. On the contrary, the allegation reasonably leads only to the inference that Unite Here did not waive, but rather intended to engage in arbitration on her behalf. Indeed, neither Unite Here nor Marriott, which are the two parties to the arbitration, take the position that arbitration has been waived. And no other allegations in the FAC point to or imply waiver.

Mrs. Flury also argues that Unite Here effectively waived arbitration by sending the arbitration notice to the Human Resources Director at Marriott instead of the Federal Mediation and Conciliation Service (FMCS), which she contends violates the terms of the CBA. But, as quoted above, CBA ¶ 19(F) provides that Unite Here is to send a request for arbitration of a grievance to Marriott's Human Resources Director, as it did according to the e-mail Mrs. Flury alleges Unite Here sent her. The provision of the CBA Mrs. Flury is apparently referring to is ¶ 19(H), which does not address when or to whom Unite Here is to submit a grievance to arbitration; instead, it addresses who both parties to the arbitration—Unite Here and Marriott—are to contact to conduct the arbitration, namely, FMCS. (CBA at 9 ¶ 19(H).) Accordingly, Mrs. Flury's argument that Unite Here's notice to the Human Resources Director constituted waiver fails as a matter of law.

In sum, the parties in this lawsuit have not yet completed the grievance and arbitration process as provided for by the controlling agreement, the CBA. As a matter of ripeness, the issues before the Court are not yet fit for judicial decision, and resolution of

this dispute through arbitration—or mediation, if the parties so stipulate—will not subject the parties to undue hardship. Moreover, Mrs. Flury will not be without a remedy if she receives an arbitration award she perceives to be unfair; her claims will presumably then be ripe for adjudication in court. For now, Mrs. Flury's claims are premature, and the Court must dismiss them for lack of ripeness.

### C.    Claim Against Unite Here for Breach of Duty of Fair Representation

In the alternative, Unite Here argues that, even if Mrs. Flury's claims were ripe, she fails to state a claim for breach of the duty of fair representation under Rule 12(b)(6). In a suit against a union under Section 301 for conduct involving the union's judgment, as here, breach of the union's duty of fair representation arises when the union's conduct in representing an employee is discriminatory or in bad faith. *Burkevich v. Air Line Pilots Ass'n, Int'l*, 894 F.2d 346, 349 (9th Cir. 1990). With regard to handling an employee grievance, a union has a "reasonable range of discretion," but the union may not "ignor[e] a meritorious grievance or process[] that grievance perfunctorily." *Galindo*, 793 F.2d at 1513 (internal citations omitted). At the investigation stage, a union is only required to conduct a minimal investigation, *Tenorio v. N.L.R.B.*, 680 F.2d 598, 601 (9th Cir. 1982), and the union only breaches its duty of fair representation when it treats the employee's claim "so lightly as to suggest an egregious disregard" of the employee's rights, *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 671 (9th Cir. 1998) (internal quotations omitted).

The Court agrees with Unite Here that Mrs. Flury's allegations are not sufficient for the Court to reasonably infer that Unite Here breached its duty of fair representation.[1]

---

[1] At certain points in their briefing, Plaintiffs request discovery under Federal Rule of Civil Procedure 56(d) to be able to make allegations sufficient to state claims. (*E.g.* Doc. 53 at 1–2.) Rule 56(d) allows a party responding to a summary judgment motion to request discovery when the party cannot yet "present facts essential to its opposition." But Rule 56(d) relief is not available if the Court does not consider Defendants' Motions to Dismiss as motions for summary judgment, which parties typically file much later in the litigation. Here, the Court neither evaluates Defendants' Motions under the summary judgment standards nor considers evidence at this stage of the litigation. Instead, the Court applies the Rule 12 standards to examine whether Plaintiffs have stated legally sufficient claims in their complaint, and in so doing the Court considers only the allegations in the FAC and the provisions of the CBA, which is attached to the FAC and is central to Plaintiffs' claims. The Court must thus deny Plaintiffs' request for discovery.

Mr. Gallardo timely requested and attended grievance meetings at Steps I, II and III and advocated for Mrs. Flury's reinstatement because the infraction identified was minor. No non-conclusory allegations in the FAC imply the union's conduct was discriminatory or in bad faith. *See Amalgamated Ass'n of Street, Elec. Ry. and Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 299–301 (1971) (holding that a showing of discriminatory conduct requires "substantial evidence of discrimination that is intentional, severe, and unrelated to union objectives," and a showing of bad faith requires "substantial evidence of fraud, deceitful action or dishonest conduct"). Thus, even if Mrs. Flury's claim against Unite Here for breach of the duty of fair representation were ripe, the Court would dismiss it for failure to state a claim.

### D.   Claim Against Marriott for Breach of CBA

In a similar vein, Marriott argues that even if Mrs. Flury's claim for breach of the CBA were ripe, she fails to state a claim under Rule 12(b)(6). Under Ninth Circuit case law, a claim for breach of a CBA against an employer and a claim for breach of the duty of fair representation against a union are "inextricably interdependent," and to successfully bring a breach of CBA claim, a plaintiff "must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) (internal quotations omitted). Because Plaintiff has not stated a claim of breach of the duty of fair representation against Unite Here, her breach of the CBA claim against Marriott, if ripe, would also necessarily fail.

### E.   Plaintiffs' Supplemental Response Brief and Motion for Subpoena

Some nine days after filing the initial Response (Doc. 45) to Marriott's Motion to Dismiss, Plaintiffs filed a "Supplemental Response" without leave of Court (Doc. 48), and Marriott moved to strike it (Doc. 51). Although the Supplemental Response was procedurally improper, the Court took into consideration that Plaintiffs are proceeding *pro se* in this lawsuit and read it, as well as Marriott's Motion to Strike, Plaintiffs' Response, and Marriott's Reply thereto. None of these briefs changed the Court's analysis or the

outcome in resolving the pending Motions to Dismiss. As a result, although the Court agrees with Marriott that the Supplemental Response was improper, the Court will deny Marriott's Motion to Strike as moot.

Because the Court is dismissing Mr. Flury's claims for lack of standing and Mrs. Flury's claims for lack of ripeness, the Court will also deny as moot Plaintiffs' Motion for a Subpoena (Doc. 52).

**IT IS THEREFORE ORDERED** granting Defendant Marriott's 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice and to Dismiss Plaintiff Van E. Flury as an Improperly-Named Plaintiff (Doc. 33).

**IT IS FURTHER ORDERED** granting Defendant Unite Here Local 11's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 38).

**IT IS FURTHER ORDERED** denying as moot Marriott's Motion to Strike Plaintiffs' Supplemental Response (Doc. 51).

**IT IS FURTHER ORDERED** denying as moot the *Ex Parte*, Plaintiff Motion, Pursuant to: General Order 18-19 for Issuance, and Permission to Serve, "Subpoena" (Doc. 52).

**IT IS FURTHER ORDERED** dismissing Plaintiffs' claims in this lawsuit for lack of subject matter jurisdiction and directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 13th day of May, 2020.

Honorable John J. Tuchi
United States District Judge